**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30099 |
| Plaintiff-Appellee, | D.C. No. CR-17-16-BU-DLC |
| v. | |
| BENJAMIN CALVIN BROOKS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted June 4, 2019
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and STATON,** District Judge.

Benjamin Brooks pleaded guilty to being a felon in possession of a firearm, reserving his right to appeal the district court's denial of his motion to suppress the evidence gathered during the stop and search of his vehicle.  We review denials of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

motions to suppress de novo, *United States v. Dreyer*, 804 F.3d 1266, 1271 (9th Cir. 2015) (en banc), and the district court's factual findings for clear error, *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006). For the following reasons, we affirm.

1. Brooks was not placed in custody by the traffic stop so as to be entitled to Miranda warnings. *See Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (noting that while a driver temporarily detained pursuant to an "ordinary" traffic stop is not in custody, if he is "subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda"). Factors to be considered in the custody inquiry include: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001). "Based upon a review of all the pertinent facts, the court must determine whether a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave." *United States v. Booth*, 669 F.2d 1231, 1235 (9th Cir. 1981).

Here, analysis of the *Hayden* factors supports the district court's determination that Brooks was not placed in custody. While the language used to

summon Brooks may have been loud and aggressive, it was reasonable considering Brooks's failure to promptly comply with orders to roll down his window; Brooks was never confronted with any evidence of his guilt; although Brooks was asked to sit in the patrol car while the trooper wrote the citation, he sat in the front seat and was not restrained; and the entire stop lasted only 33 minutes. Although the trooper rested his hand on his gun and conducted a *Terry* frisk, that is not enough, by itself, to turn the traffic stop into a custodial interaction. *See id.* at 1236 ("Strong but reasonable measures to insure the safety of the officers or the public can be taken without necessarily compelling a finding that the suspect was in custody."). Moreover, Brooks was repeatedly told he was not under arrest and left the scene voluntarily. *See United States v. Crawford*, 372 F.3d 1048, 1052, 1060 (9th Cir. 2004) (en banc) ("Perhaps most significant for resolving the question of custody, Defendant was expressly told that he was not under arrest . . . .").

2. The trooper had reasonable suspicion to prolong the traffic stop. "[A] police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures," *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015), but law enforcement may prolong a traffic stop to investigate criminal activity so long as the prolongation is supported by independent reasonable suspicion, *see United States v. Evans*, 786 F.3d 779, 788 (9th Cir. 2015). "[R]easonable suspicion exists when an officer is aware of

3

specific, articulable facts which, when considered with objective and reasonable inferences, . . . arouse a reasonable suspicion that *the particular person being stopped* has committed or is about to commit a crime." *United States v. Montero–Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "When reviewing an officer's reasonable suspicion, we must look at the totality of the circumstances." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc) (internal quotation marks omitted) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).

During the course of the traffic mission, the following facts came to the trooper's attention: Brooks pulled over in an unusual manner and failed to promptly obey orders to roll down his window; there was an apparent spent shell casing (later determined to be live ammunition) on the floor of Brooks's rental vehicle; Brooks made inconsistent statements regarding his travels; and dispatch reported Brooks to be a violent offender. When viewed under the totality of the circumstances, these facts provided the trooper with sufficient independent reasonable suspicion to prolong the traffic stop past its original mission. Brooks does not contest that probable cause (including the results of a dog sniff) arose both during and after the detention sufficient to allow the issuance of a warrant to search the car.

**AFFIRMED**.

4